1  TOWNSEND AND TOWNSEND AND CREW LLP
   J. GEORG SEKA (State Bar No. 40069); jgs@townsend.com
2  IGOR SHOIKET (State Bar No. 190066); ishoiket@townsend.com
   PRIYA SREENIVASAN (State Bar No. 232649); psreenivasan@townsend.com
3  Two Embarcadero Center, 8th Floor
   San Francisco, California  94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5
   Attorneys for Plaintiff and Counterdefendant
6  SICK A.G.

7  COATS & BENNETT, P.L.L.C.
   David E. Bennett, *Pro Hac Vice*
8  Anthony J. Biller, *Pro Hac Vice*
   Michael D. Murphy, *Pro Hac Vice*
9  1400 Crescent Green, Suite 300
   Cary, NC  27511
10 Phone:   (919) 854-1844
   Fax:      (919) 854-2084
11
   PRESTON GATES & ELLIS LLP
12 Elaine Y. Chow (State Bar No. 194063)
   55 Second Street, Suite 1700
13 San Francisco, CA  94105-3493
   Phone:   (415) 882-8200
14 Fax:      (415) 882-8220
15
   Attorneys for Defendant and Counterclaimant
16 SCIENTIFIC TECHNOLOGIES, INC.

17              UNITED STATES DISTRICT COURT

18          FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                    OAKLAND DIVISION

20 SICK A.G., German corporation, and SICK, INC.,    Case No. C06-2028 CW (MEJ)
   a Minnesota corporation
21                                                    [**PROPOSED**] STIPULATED PROTECTIVE
                  Plaintiffs,                         ORDER
22
           v.                                         The Honorable Judge Claudia Wilken
23                                                    Courtroom 2, 4th Floor
   Scientific Technologies Inc., an Oregon
24 corporation,
25
                  Defendant.
26
27 AND RELATED COUNTERCLAIMS
28

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the above-entitled action (the "Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted. In addition, the parties contemplate that non-parties may produce confidential information that should also be subjected to limited disclosure and use. Accordingly, the parties hereby stipulate to and respectfully request the Court to enter the following Stipulated Protective Order (the "Order").

2.      DEFINITIONS

2.1     Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and in-house Counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive confidential information or items, the disclosure of which to another Party or non-party would create a substantial risk of serious injury to the Producing Party.

2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as

"Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel:  attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this Action.

2.10    In-House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.13    Professional Vendors:  persons or entities that provide  litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Designating Party designates information or items for protection under this Order must take care to

1   limit any such designation to specific material that qualifies under the appropriate standards.  If it

2   comes to a Designating Party's attention that information or items that it designated for protection do

3   not qualify for protection at all, or do not qualify for the level of protection initially asserted, that

4   Designating Party must promptly notify all other parties that it is withdrawing the mistaken

5   designation.

6          5.2    Manner and Timing of Designations.  Except as otherwise provided in this

7   Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order

8   must be clearly so designated before the material is disclosed or produced.

9          Designation in conformity with this Order requires:

10          (a)    for information in documentary form (apart from transcripts of

11   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

13   document that contains protected material.  Unless otherwise indicated, the designation of

14   confidentiality shall apply to the entire document.  If only a portion or portions of the document

15   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and

16   must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

18          (b)    for testimony given in deposition or in other pretrial or trial proceedings,

19   that the Party or non-party offering or sponsoring the testimony identify on the record, before the close

20   of the deposition, hearing, or other proceeding, all Protected Material, and further specify any portions

21   of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When

22   it is impractical to identify separately each portion of testimony that is entitled to protection, and when

23   it appears that substantial portions of the testimony may qualify for protection, the Party or non-party

24   that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

25   proceeding is concluded) a right to designate the entire testimony or particular topic thereof

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Testimony in

27   a deposition may also be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–

28   ATTORNEYS' EYES ONLY" by notifying the deposing party in writing within fourteen (14) days of

the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be.  No deposition may be read by anyone other than the deponent, the attorneys for the parties, and those qualified to see "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material under Paragraph 7 during the fourteen (14) day period following a deposition unless otherwise agreed upon among the Outside Counsel.  Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

Transcript pages containing Protected Material must contain on each page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)      for electronic documents and other electronic files, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate to the media containing the documents, or by indicating in writing those documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(d)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3      Inadvertent Failures to Designate.  The inadvertent or unintentional production by any Producing Party, or any third party subject to an obligation of confidentiality, of confidential material or information without designating such material or information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to that specific information or as to any other information.  In the

event that a Producing Party discovers that it or a third party subject to an obligation of confidentiality inadvertently or unintentionally provided confidential information without designation, that party shall promptly, by letter sent to opposing counsel, designate all documents or portions thereto containing such information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" subject to the protections of this Stipulated Protective Order, and the opposing parties shall treat all documents or portions thereto containing such information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only."  If inadvertently or unintentionally provided confidential information has been disclosed by the opposing parties in any filing, motion, hearing, trial or proceeding, then the opposing parties, after being duly notified by letter, shall, to the extent necessary designate all documents or portions containing such information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only".  To the extent this confidential information was submitted in a filing or motion, the party submitting the filing shall cooperate in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures.

The inadvertent or unintentional production of documents subject to work product immunity, trade secret immunity, or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly after learning of the production notifies the receiving party in writing of such inadvertent production.  No party to this Action thereafter shall assert that such inadvertent disclosure alone waived any privilege or immunity. Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  The receiving parties will return such inadvertently produced items and all copies within seven (7) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the producing party for the return of such items.  The return of such items shall not be construed as an agreement by the returning party that the information is, in fact, protected by any privilege or immunity.  The receiving party, having so returned the items, may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure (without asserting waiver

based solely on their inadvertent production).  Nothing in this Stipulated Protective Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by any privilege or immunity.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Any party may object to the designation of particular "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party challenging the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation to file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in  Section 6.2 below.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

7.    PRESERVATION AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-parry in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).

All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Parry to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f)     during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for this Action.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)     Each person the document or information identifies as an author, source or recipient of such document or information.

(h)     Any person that evidence demonstrates to have already viewed the information or document or been told of its content, provided that the party desiring such disclosure first provide seven (7) days advanced written notice to the Designating Party of the planned disclosure describing precisely what is to be disclosed, to whom it will be disclosed, and the evidentiary basis for believing the document or information has already been disclosed to such person.  Should the

designating party object to such disclosure within the seven days, disclosure shall not be made under this provision.

7.3     Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A),  and (3) as to whom the procedures set forth in Section 7.4 below, have been followed;

(c)     The Court and its personnel;

(d)     Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action; and

(e)     Each person the document or information identifies as an author, source or recipient of such document or information.

(f)     Any person that evidence demonstrates to have already viewed the information or document or been told of its content, provided that the party desiring such disclosure first provide seven (7) days advanced written notice to the Designating Party of the planned disclosure describing precisely what is to be disclosed, to whom it will be disclosed, and the evidentiary basis for believing the document or information has already been disclosed to such person.  Should the designating party object to such disclosure within the seven days, disclosure shall not be made under this provision.

7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an "Expert" (as defined in this Order)

any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the address of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies (by name, address, telephone number and dates of service) each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years,  (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years, and (7) describes the nature of any relationship (purpose and length of relationship) that the Expert has or has had with any Party to this Action.

(b)     A Receiving Party that makes a request and provides to the Designating Party the information specified in Section 7.4 (a) above may disclose the subject Protected Material to the identified Expert unless, within five (5) court days of making the request, the Receiving Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party challenging the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking a Protective Order from the Court to prohibit the disclosure to the Expert. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for the challenge, assess the risk of harm to the Designating Party that the disclosure would entail, and may suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement.  The Receiving Party shall not disclose the designated material to the Expert until the objection is resolved by the parties or the Court.  Disagreement by the producing party that the Expert is competent to

render and admissible opinion in this proceeding is not a valid basis for refusing disclosure.  Likewise, the disclosure of designated material to an Expert under the terms of this Order may not be used as evidence that the Producing Party acquiesced to the expertise or qualifications of the Expert.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  In lieu of returning to the Producing Party, counsel for a Receiving Party may destroy any Protected Material that is intertwined with attorney work product or privileged communications.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that verifies all the Protected Material was returned or destroyed and that affirms that the Receiving Parry has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

1  entitled to retain an archival copy of all pleadings, motion papers, deposition and hearing transcripts,

2  legal memoranda, correspondence and attorney work product, even if such materials contain Protected

3  Material.  Any such archival copies that contain or constitute Protected Material remain subject to this

4  Order as set forth in Section 4 (DURATION) above.

5        12.    <u>MISCELLANEOUS</u>

6        12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person

7  to seek its modification by the Court in the future.  The Parties may by stipulation provide for

8  exceptions to this Order, provided that such stipulation is presented to the Court as a Consent Order,

9  and any Party may seek an order of this Court modifying or interpreting this Order.

10        12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no

11  Party waives any right it otherwise would have to object to disclosing or producing any information or

12  item on any ground not addressed in this Order or from asserting that certain discovery materials

13  should receive greater confidentiality protection than that provided herein, in accordance with Rule

14  26(c) of the Federal Rules of Civil Procedure.  Similarly, no Party waives any right to object on any

15  ground to use in evidence of any of the material covered by this Order.

16        12.3    <u>Enforcement</u>

17        In the event anyone shall violate or threaten to violate the terms of this Stipulated

18  Protective Order, subject to meet and confer obligations in the Court's Local Rules, the aggrieved

19  party may apply to obtain injunctive relief against any such person, and in such event, the respondent,

20  subject to the terms of this Order, shall not employ as a defense thereto the claim that the aggrieved

21  party possesses an adequate remedy at law.  The parties and any other person subject to the terms of

22  this Order agree that this Court shall retain jurisdiction over the Order and the parties for the purpose

23  of enforcing the Order.

24        12.4    <u>No Waiver</u>

25        Nothing in this Stipulated Protective Order, or the taking of any action in accordance

26  with the provisions of this Order, or the failure to object thereto, shall be construed as a waiver or

27  admission of any claim or defense in the Action.  The failure to object to a designation shall not

28  constitute an admission by the receiving party that the designated information is in fact trade secret or

proprietary information.  This Protective Order shall not in any way limit what a party may do or disclose with its own documents or information.  Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, different or additional protections or relief regarding matter designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

DATED:  September 13, 2006        TOWNSEND AND TOWNSEND AND CREW LLP

                                                  _____/s/ Igor Shoiket_____

                                TOWNSEND AND TOWNSEND AND CREW LLP
                                J. GEORG SEKA (State Bar No. 40069)
                                IGOR SHOIKET (State Bar No. 190066)
                                PRIYA SREENIVASAN (State Bar No. 232649)
                                Two Embarcadero Center, 8th Floor
                                San Francisco, California  94111
                                Telephone:  (415) 576-0200
                                Facsimile:  (415) 576-0300

                                Attorneys for Plaintiff and Counterdefendant
                                SICK A.G.

1  DATED: September 13, 2006          COATS & BENNETT, P.L.L.C.

2                                          /s/ Anthony J. Biller

3                                     COATS & BENNETT, P.L.L.C.
4                                     David E. Bennett, Esq., *Pro Hac Vice*
                                      Anthony J. Biller, Esq., *Pro Hac Vice*
5                                     Michael D. Murphy, Esq., *Pro Hac Vice*
                                      dbennet@coatsandbennet.com
6                                     abiller@coatsandbennet.com
                                      mmurphy@coatsandbennet.com
7                                     1400 Crescent Green, Suite 300
8                                     Cary, NC  27511
                                      Telephone:  (919) 854-1844
9                                     Facsimile:   (919)-854-2084

10                                    PRESTON GATES & ELLIS LLP
11                                    Elaine Y. Chow (State Bar No. 194063)
                                      echow@prestongates.com
12                                    55 Second St., #1700
                                      San Francisco, CA 94105
13                                    Phone: (415) 882-8200
                                      Fax: (415) 882-8220
14

15                                    Attorneys for Defendant and Counterclaimant
                                      SCIENTIFIC TECHNOLOGIES, INC.
16

17  **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

18           9/20/06
19  DATED: _____    _____
20                                    The Honorable Claudia Wilken
                                      United States District Court Judge
21

22

23

24

25

26

27

28

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order (the "Order") that was issued by the United States District Court for the Northern

District of California on [date] in the case of C06-2028 CW (MEJ) (the "Action").  I agree to comply

with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Order, even if such

enforcement proceedings occur after termination of this Action.


Date:  _____


City and State where sworn and signed: _____


Printed name: _____
                                        [printed name]


Signature: _____
                                [signature]

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2

3        I, Igor Shoiket, attest that concurrence in the filing of this document has been obtained from

4    counsel for defendant.  I declare under penalty of perjury under the laws of the United States of

5    America that the foregoing is true and correct.

6        Executed this 13th day of September, 2006 at San Francisco, California.

7

8

9                                                    _____/s/ Igor Shoiket_____
                                                     IGOR SHOIKET
10

11

12    60867862 v1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28