1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SICK A.G., and SICK, INC.,

        Plaintiff(s),

  vs.

SCIENTIFIC TECHNOLOGIES INC.,

        Defendant(s).

                             /

No. C 06-2028 CW (MEJ)

**ORDER RE: PLAINTIFF'S
PRELIMINARY INFRINGEMENT
CONTENTIONS PURSUANT TO
PATENT LOCAL RULE 3-1**

      The Court is in receipt of the parties' joint meet and confer letter, dated March 12, 2007,
regarding the sufficiency of plaintiff Sick A.G.'s ("Sick") Preliminary Infringement Contentions
("PICs").  Defendant Omron Scientific Technologies, Inc. ("OSTI") argues that Sick's PICs do not
meet the requirements of Patent Local Rule 3-1, and that Sick should be required to submit amended
contentions.  Specifically, OSTI claims that Sick fails to identify where each of the elements in its
asserted claims can be found in OSTI's accused device, and Sick fails to provide any notice as to
whether it believes each claim is literally present or present under the doctrine of equivalents.  Sick
asserts that its PICs meet the requirements of Patent Local Rule 3-1, and that the PICs are based on
information that was reasonably available to Sick when it drafted the PICs in October 2006.

**A.**    **Sick's Failure to Specifically Identify The Location of Each Element of Each Claim
within the Accused Scanner**

      First, OSTI asserts that Sick's PICs fail to comply with Patent Local Rule 3-1 because the
PICs do not specifically identify where each of the elements in Sick's asserted claims can be found
in OSTI's accused device.  Specifically, OSTI argues that Sick's PICs fail to identify the "counter,"
"means for triggering and stopping the counter," "peak value detector," and the "mat design" on

**United States District Court**
For the Northern District of California

OSTI's device.  In response, Sick argues that their PICs specifically identify where each element of each asserted claim is found within the accused products as required by Patent Local Rule 3-1.  Sick asserts that its PICs--which were served early in the case--are based on the information that was reasonably available to it at the time.  Further, Sick states that it intends to supplement its infringement contentions based on information from confidential documents produced by OSTI and deposition testimony of OSTI witnesses, no later than 30 days after service of the Court's Claim Construction Ruling.

Under Patent Local Rule 3-1, a party's PICs must specifically identify where each element of each asserted claim is found within each accused instrumentality.  Patent L.R. 3-1 (c).  The overriding principle of the Patent Local Rules is to streamline the discovery process and make it more efficient by requiring a plaintiff to articulate its claims with specificity.  *Intertrust Technologies Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 22736, 6 (N.D. Cal. 2003).

Here, the Court  finds that Sick's PICs  do not meet the requirements of Patent Local Rule 3-1.  Patent Local Rule 3-1 requires that Sick's PICs provide notice to OSTI as to where Sick alleges the "counter,"  "means for triggering and stopping the counter," "peak value detector," and "mat design" are located within OSTI's accused device.  Sick's notice of the alleged location of these elements must be as specific as possible.  Further, it would not be proper for Sick to wait until after the Court's Claim Construction Ruling  to disclose specifics about the location of these elements, if such information is available, because claim construction has been deferred until after the close of discovery.  To the extent that Sick is now able to provide greater specificity regarding the alleged location of these elements than it was able to provide in October,  it must do so.

**B.      Sick's Failure to Specify Whether Each Element of Each Asserted Claim is Literally Present or Present under the Doctrine of Equivalents**

Next, OSTI argues that Sick's PICs fail to comply with Patent Local Rule 3-1(d) because Sick does not provide any notice whether or to what extent it contends each element of each claim is literally present or present under the doctrine of equivalents in OSTI's accused device.  Sick argues that its PICs unequivocally satisfy Patent Local Rule 3-1(d) by stating: "Sick contends the elements

of the asserted claims are literally present in the accused products. To the extent any element is not literally present, it is present under the doctrine of equivalents."

Under Patent Local Rule 3-1(d), a party's PICs  must state whether each element of each asserted claim is believed to be literally present or present under the doctrine of equivalents. Patent L.R. 3-1 (d).  Here, it is clear to the Court that Sick's blanket statement fails to meet the requirements of Patent Local Rule 3-1(d).  The purpose of Rule 3-1 is to provide notice to the parties and to streamline discovery, but Sick's ambiguous response to Patent Local Rule 3-1(d) provides no notice whatsoever.  Sick must specify whether each element of each asserted claim is literally present or present under the doctrine of equivalents.  One general statement that argues in the alternative will not suffice.  Sick must specify, separately for each element of each claim, whether it alleges the element is literally present or present under the doctrine of equivalents, to the extent that it can do so.

Sick shall supplement its PICs within 30 days of this order, and throughout the discovery period as it is able to.

**IT IS SO ORDERED.**

Dated: April 11, 2007

_____
MARIA-ELENA JAMES
United States Magistrate Judge

**United States District Court**
For the Northern District of California

3