1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   SICK A.G., and SICK, INC.,                    No. C 06-2028 CW (MEJ)

10              Plaintiff(s),              **ORDER RE: OSTI'S PRELIMINARY**
                                          **INVALIDITY CONTENTIONS**
11     vs.

12   OMRON SCIENTIFIC TECHNOLOGIES INC.,

13              Defendant(s).
     _____/

14

15          The Court is in receipt of the parties' joint meet and confer letter, dated March 12, 2007,

16   regarding the sufficiency of defendant Omron Scientific Technologies, Inc.'s ("OSTI") Preliminary

17   Invalidity Contentions.  First, plaintiff Sick A.G. ("Sick") moves the Court for an order striking new

18   prior art references disclosed by OSTI on February 26, 2007.   Second, Sick seeks an order

19   compelling OSTI to amend its Preliminary Invalidity Contentions to specifically identify the

20   combinations of prior art references that allegedly render claims under the '669 patent obvious.  The

21   Court shall address each request in turn.

22   **A.     Motion to Strike Previously Undisclosed Prior Art**

23          First, Sick argues that OSTI's newly-disclosed references are untimely and should be

24   stricken.  Sick asserts that under Patent Local Rule 3-6, a party's preliminary invalidity contentions

25   are deemed to be the party's final contentions.  OSTI agues that it should be permitted to revise its

26   invalidity contentions because it discovered four of the prior art references within days of the

27   February 26, 2007 revised contentions, and discovered the fifth reference within one month of the

28   revised contentions.  OSTI asserts that Sick will not be prejudiced if OSTI is allowed to revise its

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    invalidity contentions since discovery does not close until December 2007.

2          The Patent Local Rules were adopted to further the goal of full and timely discovery and to

3    provide all parties with adequate notice and information for litigating their cases. *Fresenius Med.*

4    *Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 U.S. Dist. LEXIS 90856, 12 (N.D. Cal. 2006). Under

5    Patent Local Rule 3-7, a party may modify or amend its preliminary invalidity contentions by Court

6    order upon a showing of good cause. Patent L.R. 3-7.

7          Here, the Court recognizes that OSTI amended its preliminary invalidity contentions without

8    first securing a court order. However, the Court would have found good cause because OSTI served

9    its revised contentions more than nine months before the close of discovery and the District Court's

10   claim construction hearing. Further, the new references contained in OSTI's revised contentions

11   were all recently discovered by OSTI. Thus, the goals of full, timely discovery and adequate party

12   notice and information weigh in favor of permitting OSTI to amend its preliminary invalidity

13   contentions.

14   **B.    Motion to Compel Invalidity Contentions that Comply with Local Rules**

15         Second, Sick argues that OSTI's invalidity contentions fail to comply with Patent Local Rule

16   3-3. Sick's opposition to OSTI's contentions centers around OSTI's grouping of prior art references

17   with summary combination statements in which OSTI claims that any reference from one group can

18   be combined with any reference from another group to make a claim obvious. OSTI responds that

19   its Preliminary Invalidity Contentions do specifically identify prior art combinations that render

20   claims under the '669 patent obvious, and that grouping makes the contentions easier to understand

21   and is not prohibited by the Patent Local Rules. OSTI claims that each potential combination could

22   be separately and explicitly stated, but the substance would not be affected and would only serve to

23   make the contentions longer, highly repetitious, and quite laborious to compile and read.

24         The Patent Local Rules are designed to require the parties to crystallize their theories early in

25   the litigation and to adhere to those theories once they have been disclosed. *General Atomics v.*

26   *Axis-Shield ASA*, 2006 U.S. Dist. LEXIS 58939, 4 (N.D. Cal. 2006). Under Patent Local Rule 3-3, if

27   a party alleges in its preliminary invalidity contentions that a combination of items of prior art makes

28   a claim obvious, the party must identify each such combination and the motivation for combining

1    such items.  Patent L.R. 3-3(b).

2        A plain reading of Patent Local Rule 3-3(b) indicates that OSTI is required to specifically

3    identify each combination and the motivation for the combination.  On its face, this rule does not

4    preclude OSTI from grouping its prior art references, so long as each combination and the

5    motivation for such combination is identified.  Given the volume of information involved in OSTI's

6    contentions, grouping prior art references would seem more efficient than spelling out every

7    combination where doing so would be redundant, and where such information could be readily

8    derived from the grouped prior art references.

9        The danger inherit in allowing OSTI to group prior art in its contentions lies in the possibility

10   of inaccuracy.  Where combinations and the motivations for such combinations are identified

11   summarily between groups, there is a risk of including a combination that fails or a motivation that

12   is inapplicable.  If each specific combination were spelled out along with the motivation for the

13   combination, a failing combination would be glaring and could be omitted, and an inaccurate

14   motivation for a specific combination could be changed.  The risks of inaccurate identification of

15   combinations and corresponding motivations does not exist where the motivation for all

16   combinations within a claim are truly identical and where all combinations within specified groups

17   are possible.

18        However, even if this Court could fashion an order that would reduce the risk of inaccurate

19   identification in OSTI's prior art groups, the purpose behind the Patent Local Rules would still

20   require explicit identification of each combination and corresponding motivation in this case.  The

21   Patent Local Rules are designed to force the parties to explicitly state their theories of the case and

22   to adhere to those theories once disclosed.  The danger here is that it will be difficult for the parties

23   and the District Court to determine exactly which theories OSTI has stated, and it will be difficult to

24   later force OSTI to adhere to those theories.

25        Accordingly, the Court ORDERS OSTI to explicitly identify each combination of prior art

26   that allegedly renders a claim obvious and the motivation for combining the items.  By OSTI's own

27   admission, it has already disclosed all of the information that it needs to accomplish this.  If the

28   sheer number of possible combinations and corresponding motivations makes explicit identification

United States District Court
For the Northern District of California

of each too time-consuming, OSTI is encouraged to narrow its contentions.

**IT IS SO ORDERED.**

Dated: April 24, 2007

_____
MARIA-ELENA JAMES
United States Magistrate Judge

**United States District Court**
For the Northern District of California

4